Nov. Term, 1859.

BEESON
v.
CARLTON.

---

## BEESON *v.* CARLTON.

If a person contract with an infant to receive from him a conveyance of land, which he knows, at the time of contracting, will be executed before the infant shall have arrived at his majority, he cannot avail himself of that fact in defense of a suit upon a note for the purchase-money.

Wednesday, December 7.

APPEAL from the *Madison* Circuit Court.

HANNA, J.— *Carlton* sued *Beeson* on a promissory note for 500 dollars.

Answer, that the note, and others not then due, were given to secure the payment of the consideration-money for a tract of land described in a title-bond made a part of the answer, &c.

It appears by the bond, that if the plaintiff, and *Nancy*, *William*, and *Agnes Carlton*, "on or before the 25th day of *December*, 1859, or so soon as the said *Benjamin F. Beeson* shall pay unto said *Carltons*," &c. (certain desoribed notes, among them the one sued on), "shall, and do, upon the reasonable request of said *Beeson*, his heirs or assigns," &c., make a deed in fee simple, to certain lands, &c. "Now should the said *Carltons* comply with the above requisition, and keep the said *Beeson* in peaceable possession from and after the first day of *March*, 1858, then said bond to be null," &c.

The bond and note were dated, and the contract made, the 26th day of *December*, 1857.

The answer further alleged that *William* and *Agnes* were, at the time of pleading, minors of the age of fifteen years and no more; and that they would not "arrive at the age of twenty-one years by the 25th day of *December*, 1859, nor in time to convey the said real estate by the time when, by the terms of their agreement, they were to convey the same; and that they, nor either of them, have now any right or title to said real estate; and that they, nor either of them, can procure the title to said land on or by the 25th day of *December*, 1859, nor in time to convey the same when," &c.

A demurrer was sustained to this answer, because it did not state facts sufficient, &c.

Upon this ruling arises the only question in the case. It is insisted that the answer shows a partially executed contract, and the defendant in possession of the land, and is bad for not offering to rescind, &c. Upon the other hand, it is said that the answer shows that the plaintiff not only had no title, but could not procure one, and, therefore, was not in a position to insist upon an offer to rescind, &c.

The answer does not aver fraud, and to the reverse, alleges a fact which shows that the defendant must neces-

Nov. Term, 1859.

sarily, almost, have been aware of the minority of the two persons named, at the time he contracted for the land; to-wit, that they were then of the age of thirteen years.

The contract of an infant, of the character here indicated, is not void, but voidable by the infant only. If the defendant saw proper to contract with infants, to receive from them a conveyance which, as before stated, he must almost necessarily have known would be executed, at a time when they would be of such an age as to afterwards have the election to sanction or avoid the same, he cannot be permitted, after availing himself of the benefits of the contract, to plead such fact in bar of an action, in the form here presented. Whether it is sufficient, in any case, to aver, generally, that the vendors cannot procure a title by the time the conveyance should be made, we need not decide; for we think, in the case at bar, the facts should be set forth, and let the Court judge as to the conclusion which should be arrived at in reference to that point, for the reason that the possession of the land is impliedly admitted by the pleadings, to have passed from the vendors to the defendant. This might eventually ripen into a perfect title.

We are, therefore, of opinion that the demurrer to the answer was properly sustained.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*R. Lake* and *W. R. Pierce*, for the appellant.

*J. Davis*, for the appellee.

